# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| **ALISHA SHIVE** | **PLAINTIFF** |
| V. | CASE NO. 3:08CV96 |
| **CIRCUS CIRCUS MISSISSIPPI, INC.** d/b/a Gold Strike Casino Resort | **DEFENDANT** |

## ORDER

This cause comes before the court on the motion to dismiss [16] of defendant, Mirage Gold Strike Casino MGM.

This suit was originally filed on September 11, 2008. Plaintiff, Alisha Shive, was formerly employed at the Gold Strike Casino Resort. In the instant suit she alleges the casino failed to follow the dictates of the Family Medical Leave Act ("FMLA"). 29 U.S.C. § 2601 *et seq*.

The initial filing in this action listed CT Corporation as the defendant. On September 18, 2008 CT Corporation informed Shive that it was the registered agent for a number of Mississippi Corporations, but that it had never employed her. On September 26 Shive filed an amended complaint naming Mirage Gold Strike Casino MGM as the defendant.

On January 30, 2009, the clerk of court informed Shive that a summons was never served based on the amended complaint. On February 10, 2009, Shive filed a motion for an extension of time to serve process. The motion was granted allowing Shive to serve process anytime through March 17, 2009.

On March 13, 2009 Shive once again moved the court for an extension of time in which

to serve process. Shive was given an extension through April 18, 2009. That same day CT Corporation accepted service of process for a corporation listed as Mirage Gold Strike Casino, MGM, d/b/a Circus Circus Mississippi, Inc. The complaint simply listed Mirage Gold Strike Casino MGM as the defendant.[1]

On April 2, 2009, Mirage Gold Strike Casino MGM filed this motion to dismiss. On May 5, 2009 defendant filed its corporate disclosure statement. That statement asserted Shive's actual employer was Circus Circus Mississippi, Inc., d/b/a Gold Strike Casino Resort ("Circus Circus"). On May 13, 2009, Shive filed a motion to amend her complaint. The court granted this motion. Shive then filed an amended complaint listing Circus Circus as the defendant.

Mirage Gold Strike Casino MGM moves for dismissal under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

Rule 12(b)(4) allows a party to seek dismissal for insufficient process. Rule 12(b)(5) allows a party to seek dismissal for ineffective service of process.

> Generally speaking, 'an objection under Rule 12(b)(4) concerns the form of process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.' In cases like this one, where the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or under Rule 12(b)(5) on the ground that the wrong party - a party not named in the summons - has been served.

*Gartin v. Par Pharmaceutical Companies, Inc.*, 289 Fed. Appx. 688, 692 n.3 (5th Cir. 2008) (internal citations omitted).

Mirage Gold Strike Casino MGM is no longer a party to this suit having been dismissed

---

[1] Even though this complaint did not name the proper defendant, Circus Circus admits it was on notice of the suit at this time.

when Shive filed her latest amended complaint. However, as is made clear by the filings in this matter, counsel acting on behalf on this nonentity is actually representing Circus Circus.

Under the technical Rules of Civil Procedure this is an easy case. Parties have 120 days from filing an action in order to serve process. Fed. R. Civ. P. 4(m). Circus Circus has still not been served with process in this matter. Even considering the extension of time granted by the court, Shive had a duty to serve process no later than April 18, 2009.

This court takes seriously its procedural rules. Those rules ensure that parties are able to fairly and efficiently resolve their disputes. However, the Rules should bar relief in cases of minor technical failures.

Shive argues her failures were due to excusable neglect and should not result in dismissal. Further Shive seems to argue the court should grant her time to comply with the rules even if her failures were not the result of excusable neglect.

First the court rejects Shive's position that good cause existed for her failure to sue the correct party. "'[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice'" to show good cause or excusable neglect. *Gartin*, 289 Fed. Appx. at 692 (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).[2]

In this case there were repeated failures to properly identify the correct defendant even though Shive's counsel was on notice of which entity should have been sued. Further, even once the correct party was named process was never served.

Shive admits the first mistake, suing the registered agent, is inexcusable. Shive next sued

---

[2] The Magistrate Judge found excusable neglect in granting Shive's first two motions for extension of time. Those decisions were not appealed and the court makes no finding as to the Magistrate's decisions. These separate determinations are in conflict, but because of the standard of review applied to such a finding that conflict is not fatal to the logic of either decision.

a non-existent corporation based on a guess as to the proper name derived from viewing an advertising website. This falls below the requirements imposed on members of the bar. At this early point in the litigation Shive's counsel could and should have contacted the Secretary of State's office to determine the correct corporate entity.

Shive argues that this failure should be excused because the registered agent could have simply given her the correct information. Shive admits the agent was under no duty to provide this information. The Fifth Circuit has rejected the proposition that uncooperative defense counsel creates good cause for a plaintiff's failure to properly serve a defendant. *Id*. at 693. Likewise the failure of a registered agent to help Shive properly serve the agent's client is not good cause for Shive's failure to serve the correct party.

Shive also implicitly argues the confusing corporate nomenclature of Circus Circus made it too difficult for her to serve the correct party. This argument has been specifically addressed and rejected by the Fifth Circuit. *Id*. Plaintiffs have a duty to sue the correct defendants and name confusion is no excuse for failure to do so.

These failures are made worse by the fact that Shive's counsel was clearly on notice of the correct party's identity. In 2000, Shive's counsel represented a party with a dispute involving the Gold Strike Casino. In that case Shive's counsel correctly brought suit against Circus Circus.

On May 13, 2009, Shive finally named the correct party in the instant suit. However, the court sees no record that Circus Circus was ever served process. This court might be inclined to use its power to allow for late service even where no good cause is shown, but for the fact Shive's counsel was on notice as to the correct defendant at the time the case was originally filed. Further, Shive's attorney did not have Circus Circus served even though this motion to dismiss based on a failure to properly serve notice was filed prior to the final amendment to the

complaint. It is obvious that Shive's counsel failed to use even a modicum of diligence in filing this suit. Based on all these facts the court finds that Shive has failed to properly serve notice on Circus Circus and the suit should be dismissed. However, special circumstance are at play in this matter.

Both parties agree that a dismissal would bar Shive's recovery as the statute of limitations has run on some of her claims. Under such a circumstance a court should not dismiss a case unless lesser sanctions would be futile. *Id.* (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F. 2d 1188, 1191 (5th Cir. 1992). In this case there is an easily found lesser sanction.

Under the FMLA, Shive can bring suit alleging violations of her rights within either a two year or a three year statute of limitations. 29 U.S.C. § 2617(c)(1) and (2). The only difference between the two statutes of limitations is that under the three year statute Shive would be required to prove "willfulness" on the part of Circus Circus. Shive's initial request for an extension of time stated the statute of limitations had not run because of the defendant's willfulness in violating the FMLA. This indicates Shive's claim is that Circus Circus willfully violated her rights

The three year statute of limitations, requiring willfulness, would have been the only one available to Shive had this suit originated at the time the proper defendant was named. Shive alleges a claim that would be proper under this limitation. Thus requiring Shive to proceed under the three year statute of limitations is lesser sanction both allowing for relief and prodding Shive into proper prosecution of this suit. This sanction also lessens the prejudice to Circus Circus of having to defend a suit it was not aware of until after the statute of limitations had run and having been deprived of at least some "'opportunity to discover and preserve relevant evidence.'" *Id.* (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006)).

Defendant's motion to dismiss is DENIED. The court will, however, consider only claims valid had the suit been filed on March 13, 2009.

This the 20th day of November, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**